C. Ray Novak, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Dorothy Novak, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket Nos. 16744, 16745. Promulgated September 23, 1948.

*John W. Fishburne, Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

Black, *Judge*: In these proceedings, which were consolidated, the respondent determined deficiencies in income tax for the taxable year ended October 31, 1944, against petitioner C. Ray Novak in the amount of $196.08 and against petitioner Dorothy Novak in the amount of $193.

The parties have stipulated that the issues to be determined in these proceedings may be stated as follows:

A. Whether for the fiscal year ended October 31, 1944, the petitioners may use the tax table provided in section 400, Supplement T, chapter 1, of the Internal Revenue Code, as amended by section 5 (a) of the Individual Income Tax Act of 1944, in determining the tentative tax prescribed by section 108 (b) (2) (B) of the code, and;

B. Where the tax liability of each petitioner for the fiscal year ended October 31, 1943, is not greater than his or her tax liability for the fiscal year ended October 31, 1944, does the tax liability of each for the fiscal year 1944 include as a proper addition 25 per cent of the tax computed and determined with respect to the fiscal year 1943, within the meaning of the provisions of the Current Tax Payment Act of 1943?

The facts are stipulated and are summarized as follows:

Petitioners are husband and wife, residing at Steilacoom Lake, Tacoma, Washington, and at all times material to these proceedings constituted a marital community under the laws of the State of Washington. Each of the petitioners filed a timely original individual income and victory tax return, Form 1040, for the fiscal year November 1, 1943, to October 31, 1944, with the collector of internal revenue at Tacoma, Washington. Under date of June 25, 1945, each of the petitioners filed with the collector of internal revenue an amended return, Form 1040, for the fiscal year November 1, 1943, to October 31, 1944.

The amount of the net income determined by the respondent with respect to each petitioner as set forth in the deficiency notice in each case for the fiscal year ended October 31, 1943, is correct and the amount of tax computed with respect thereto is as shown in the said notice of deficiency, subject only to the forgiveness features of the Current Tax Payment Act of 1943.

The amounts of the income tax net income and the victory tax net income determined by the respondent for the fiscal year ended October 31, 1944, as set forth in the notice of deficiency in each case, are also correct, the only questions being whether the method contended for by the respondent or that contended for by petitioner for the computation of the resulting tax due with respect thereto is proper under the applicable terms and provisions of the statute.

Paragraphs 6 and 7 of the stipulation are as follows:

6. In the event the Court should hold and determine:

A. That the Commissioner's computation of the taxes due for the fiscal year ended October 31, 1944, by use of the method shown in the deficiency notices, (see page 3 of the statement attached to the deficiency notice in each case) is proper, and;

B. That in the circumstances of these cases 25% of the tax computed with respect to the fiscal year ended October 31, 1943, in each case, becomes a proper

addition in determining the true tax liability of each petitioner for the taxable year ended October 31, 1944, as determined by respondent, then it is agreed between the parties that the deficiencies determined and set·forth in the statutory notices herein are correct.

7. In the event the Tax Court should hold and determine, on the other hand:

A. That petitioners are entitled to use the table provided in section 400, Supplement T of the Code, mentioned in paragraph 3 A of this stipulation above, in determining the tentative tax under section 108 (b) (2) (B) of the Code, and;

B. That no part of the tax computed with respect to the fiscal year of the petitioners ended October 31, 1943, may properly be included in determining their tax liability for the fiscal year ended October 31, 1944, then the deficiencies determined by the respondent should be eliminated.

For purposes of illustration we need only set out the respondent's computation as shown in the statement attached to the deficiency notice to petitioner C. Ray Novak, which computation is as follows (the computation in the case of petitioner Dorothy Novak is the same except for the credits for personal exemption and dependents, which are not in dispute):

*Fiscal Year Ending October 31, 1943*

COMPUTATION OF TAX

| | | |
|---|---:|---:|
| Net income as disclosed by return (unchanged) _____ | | $4,233.91 |
| Less: Personal exemption _____ | $400.00 | |
| Credit for dependents _____ | 350.00 | 750.00 |
| Balance surtax net income _____ | | $3,483.91 |
| Less: Earned income credit _____ | | 300.00 |
| Balance subject to normal tax _____ | | $3,183.91 |
| Normal tax—6% of $3,183.91 _____ | $191.03 | |
| Surtax on $3,483.91 _____ | 497.42 | |
| Tax on income for fiscal year ending 10–31–43 _____ | | $688.45 |

*Fiscal Year Ending October 31, 1944*

COMPUTATION OF TAX

| | Income Tax Net Income | Victory Tax Net Income |
|---|---:|---:|
| Net income per amended return _____ | $3,877.86 | $4,181.81 |
| Computed under Rates for Year 1943 (Tentative Tax) | | |
| Income tax net income _____ | | $3,877.86 |
| Less: Personal Exemption _____ | $600.00 | |
| Credit for dependents _____ | 350.00 | 950.00 |
| Balance (surtax net income) _____ | | $2,927.86 |
| Less: Earned income credit _____ | | 300.00 |
| Balance subject to normal tax _____ | | $2,627.86 |
| Normal tax—6% of $2,627.86 _____ | $157.67 | |
| Surtax on $2,927.86 _____ | 408.46 | |
| Total _____ | | $566.13 |

VICTORY TAX

| | |
|---|---:|
| Victory tax net income | $4,181.81 |
| Less: Specific Exemption | 624.00 |
| Income subject to victory tax | $3,557.81 |
| Victory tax before credit, 5% of $3,557.81 | 177.89 |
| Victory tax credit, 42% of $177.89 | 74.71 |
| Victory Tax | $103.18 |
| Income Tax as above | $566.13 |
| Victory tax as above | 103.18 |
| Tax at 1943 rates | $669.31 |

Computed under Rates for Year 1944 (Tentative Tax)

| | |
|---|---:|
| Net Income | $3,877.86 |
| Less: Normal tax exemption | 500.00 |
| Normal tax net income | $3,377.86 |
| Net income | $3,877.86 |
| Less: Surtax exemption | 1,000.00 |
| Surtax net income | $2,877.86 |
| Normal tax at 3% on $3,377.86 | $101.34 |
| Surtax on $2,877.86 | 593.13 |
| Tax at 1944 rates | $694.47 |

FINAL TAX

| | | |
|---|---:|---:|
| $61/366$ of $669.31 (1943 rates) | | $111.55 |
| $305/366$ of $694.47 (1944 rates) | | 578.73 |
| Total | | $690.28 |
| Forgiveness feature: | | |
| Fiscal year 1943 tax (less than fiscal 1944 tax) | $688.45 | |
| Amount forgiven—¾ of $688.45 | 516.34 | |
| Unforgiven portion | | 172.11 |
| Total tax liability for fiscal year ended 10–31–44 | | $862.39 |
| Tax liability disclosed by amended return | | 666.31 |
| Deficiency of income tax | | $196.08 |

The parties are in agreement with the above computations down to "Computed under Rates for Year 1944 (Tentative Tax)." We shall now consider the issues in the order of their statement. Both parties agree that in so far as they know the issues are of first impression and no adjudicated cases have been cited by either party.

*Issue A.*—Section 108 of the Internal Revenue Code as amended by section 108 of the Revenue Act of 1943, provides:

SEC. 108. FISCAL YEAR TAXPAYERS.

    \*        \*        \*        \*        \*        \*        \*

(b) TAXABLE YEARS BEGINNING IN 1943 AND ENDING IN 1944.—In the case of a taxable year beginning in 1943 and ending in 1944, the tax imposed by sections 11, 12, 13, 14, 15, and 450 shall be—

\* \* \* \* \* \* \*

(2) TAXPAYERS OTHER THAN CORPORATIONS.—In the case of a taxpayer other than a corporation, an amount equal to the sum of—

(A) that portion of a tentative tax, computed as if the law applicable to taxable years beginning on January 1, 1943, were applicable to such taxable year, which the number of days in such taxable year prior to January 1, 1944, bears to the total number of days in such taxable year, plus

(B) that portion of a tentative tax, computed as if the law applicable to taxable years beginning on January 1, 1944, were applicable to such taxable year, which the number of days in such taxable year after December 31, 1943, bears to the total number of days in such taxable year.

Sections 11 and 12 mentioned in section 108, *supra*, deal with normal tax and surtax on individuals. Sections 13, 14, and 15 deal with taxes on corporations and are not material here. Section 450, the victory tax on individuals, was added by section 172 of the Revenue Act of 1942 and repealed by section 6 of the Individual Income Tax Act of 1944.

Referring now to that part of the respondent's computation "Computed under Rates for year 1944 (Tentative Tax)," petitioners contend that instead of the $694.47 ($804.47 in Docket No. 16745) determined by the respondent, they are entitled to have this tentative tax computed under section 400, Supplement T, chapter 1, of the Internal Revenue Code as amended by section 5 (a) of the Individual Income Tax Act of 1944. This section 5 (a) comes under "Part I—Amendments to Chapter 1 of the Internal Revenue Code" of the Individual Income Tax Act of 1944. Section 2 of this act provides as follows:

SEC. 2. TAXABLE YEARS TO WHICH APPLICABLE.

Except as otherwise expressly provided, the amendments made by this part shall be applicable with respect to taxable years beginning after December 31, 1943.

Petitioners' taxable year in question began on November 1, 1943. Notwithstanding that fact, the tentative tax mentioned in section 108 (b) (2) (B), *supra*, is to be "computed as if the law applicable to taxable years beginning on January 1, 1944, were applicable to such taxable year." Since section 5 (a), *supra*, "shall be applicable with respect to taxable years beginning after December 31, 1943," it would seem that petitioners would be entitled to the benefits of section 5 (a) if they meet all of the provisions contained in the statute. The respondent, in support of his contention that petitioners may not use the tax table provided in section 400, Supplement T, as amended by section 5 (a), *supra*, relies upon Mim. 5750, 1944 C. B. 213, and I. T. 3698, 1944 C. B. 216. Mim. 5750 is a mimeograph published by the respondent stating that an individual filing a return for a fiscal year beginning in 1943 and ending in 1944 may determine the amount of

income and victory tax for the taxable year by making four separate computations mentioned in paragraph 2 and explained in paragraph 3 of the mimeograph. Under the present issue, we are concerned with computations 2 (b) and 3 (b) of the mimeograph. Under paragraph 3 (b) the Commissioner merely states that the tax table contended for by petitioners herein "may not be used by individuals computing the tax under the provisions of section 108 (b) of the Code." There is no reason given for this statement. The reason came later in I. T. 3698, *supra*, wherein it is stated:

The tax computations provided by section 108 (b) of the Internal Revenue Code are, by the terms of such section, applicable only to the taxes imposed by sections 11, 12, 13, 14, 15, and 450 of the Code. Those are the normal tax and surtax on individuals, the normal tax and surtax on corporations, and, with respect to taxable years beginning before January 1, 1944, the victory tax imposed by section 450 of the Code. No provision is made for determining the tax under section 400, Supplement T, Chapter 1 of the Code when applying the provisions of section 108 (b) of the Code.

We do not think that Congress, in enacting section 108 (b), ever intended individual taxpayers filing on the fiscal year basis to be deprived of the benefits of the table provided in section 400 of the code if they met all the conditions specified for the use of the table. It is true that section 108 (b) reads "In the case of a taxable year beginning in 1943 and ending in 1944, the tax imposed by sections 11, 12 * * * and 450 shall be," and it does not mention section 400. But at the same time Congress amended section 108 (b) it also amended section 400 by section 102 of the Revenue Act of 1943 so as to provide that *"In lieu of the tax imposed under sections 11, 12, and 450*, an individual who makes his return on the cash basis may elect, *for each taxable year*, to pay the tax shown in the following table if * * *."* (Italics supplied.) Section 48 of the code defines the term "taxable year" to mean either the "calendar year, or the fiscal year." We hold, therefore, that section 108 (b) did not preclude the substitution of the tax shown in the table contained in section 400 which was in lieu of the tax imposed by sections 11, 12, and 450 if the taxpayer made the proper election and met all of the specified conditions.

The Individual Income Tax Act of 1944 made several amendments to chapter 1 of the Internal Revenue Code. Section 3 amended section 11 of the code so that the last sentence of section 11 read: "For alternative tax which may be elected if adjusted gross income is less than $5,000, see Supplement T." Section 4 amended section 12 of the code by adding subsection (h) thereto as follows: "(h) ALTERNATIVE TAX.—For alternative tax which may be elected if adjusted gross income is less than $5,000, see Supplement T."

Section 5 (a) of the Individual Income Tax Act of 1944 provides, in part, as follows:

SEC. 5. ALTERNATIVE TAX ON INDIVIDUALS WITH ADJUSTED GROSS INCOME OF LESS THAN $5,000.

(a) IN GENERAL.—Supplement T of Chapter 1 (relating to the alternative tax on individuals with gross income from certain sources of less than $3,000) is amended to read as follows:

**"Supplement T—Individuals with Adjusted Gross Income Tax of Less than $5,000.**

"SEC. 400. IMPOSITION OF TAX.

"In lieu of the taxes imposed by sections 11 and 12, there shall be levied, collected, and paid for each taxable year upon the net income of each individual whose adjusted gross income for such year is less than $5,000, and who has elected to pay the tax imposed by this supplement for such year, the tax shown in the following table:

*　　　*　　　*　　　*　　　*　　　*　　　*

"SEC. 402. MANNER AND EFFECT OF ELECTION.

"The election referred to in section 400 shall be exercised in the manner provided in regulations prescribed by the Commissioner with the approval of the Secretary. * * *

*　　　*　　　*　　　*　　　*　　　*　　　*

"SEC. 404. CERTAIN TAXPAYERS INELIGIBLE.

"* * * For provisions making both husband and wife ineligible to elect to pay the tax imposed by this supplement if either does not elect to take the standard deduction, see section 23 (aa) (4)."

Section 6 of the Individual Income Tax Act of 1944 repealed the victory tax. This section also comes under part I of the act, and, in accordance with section 2, *supra*, "shall be applicable with respect to taxable years beginning after December 31, 1943."

Section 8 of the Individual Income Tax Act of 1944 defines the term "adjusted gross income." Under this definition the adjusted gross income of each of the petitioners herein is the amount of $4,181.81, which is less than $5,000.

Section 9 of the Individual Income Tax Act of 1944 provided in part as follows:

SEC. 9. OPTIONAL STANDARD DEDUCTION.

(a) IN GENERAL.—Section 23 is amended by adding at the end thereof a new subsection to read as follows:

"(aa) OPTIONAL STANDARD DEDUCTION FOR INDIVIDUALS.—

*　　　*　　　*　　　*　　　*　　　*　　　*

"(3) METHOD AND EFFECT OF ELECTION.—

*　　　*　　　*　　　*　　　*　　　*　　　*

"(B) If the adjusted gross income shown on the return is less than $5,000, the standard deduction shall be allowed only if the taxpayer elects, in the manner provided in Supplement T, to pay the tax imposed by such supplement.

"(C) If the taxpayer does not signify, in the manner provided by subparagraph (A) or (B), his election to take the standard deduction, it shall not be allowed. If he does so signify, such election shall be irrevocable.

*　　　*　　　*　　　*　　　*　　　*　　　*

"(4) HUSBAND AND WIFE.—In the case of husband and wife living together, the standard deduction shall not be allowed to either if the net income of one of the spouses is determined without regard to the standard deduction. For the purposes of this paragraph the determination of whether an individual is married and living with his spouse shall be made as of the last day of the taxable year, unless his spouse dies during the taxable year, in which case such determination shall be made as of the date of such spouse's death.

All of the above mentioned sections of the Individual Income Tax Act of 1944 were discussed in considerable detail in committee reports by the House (1944 C. B. 821, 835–840) and by the Senate (1944 C. B. 858, 874–880). The two discussions are substantially the same. That part of the discussion by the House which is here material is as follows:

SECTION 5. ALTERNATIVE TAX ON INDIVIDUALS WITH ADJUSTED GROSS INCOME OF LESS THAN $5,000.

Under existing law certain individual taxpayers, in lieu of computing the regular normal tax, surtax, and victory tax, may elect to pay the tax imposed under the tax table found in Supplement T of the Code. * * * Section 5 of the bill recasts Supplement T in keeping with the primary objective of simplification. In this connection the scope of the supplement is broadened so that any individual * * * may elect to pay the tax under Supplement T if his adjusted gross income for the taxable year is less than $5,000. * * * ·

*   *   *   *   *   *   *

Section 402, relating to the manner of election to pay the tax under Supplement T, is amended to provide that the election shall be exercised in the manner prescribed by the Commissioner with the approval of the Secretary.

*   *   *   *   *   *   *

SECTION 9. OPTIONAL STANDARD DEDUCTION.

This section of the bill amends section 23 of the Code to add a new subsection (aa) which provides that certain individual taxpayers may elect to take a standard deduction in lieu of certain deductions and credits. * * * In respect of a taxpayer who has an adjusted gross income of less than $5,000, the standard deduction will be available only through the use of the tax table provided in Supplement T. The tax table is so constructed as to compute the tax on the adjusted gross income at the midpoint of the bracket. In arriving at the tax payable for each bracket, there is allowed a standard deduction of 10 per cent of the adjusted gross income at the midpoint of the bracket.

*   *   *   *   *   *   *

* * * If the taxpayer's adjusted gross income, as shown on his return, is less than $5,000, the standard deduction shall be allowed only if he elects to pay the tax imposed by the tax table in Supplement T; his election to pay the tax under Supplement T must be made in accordance with regulations prescribed by the Commissioner, with the approval of the Secretary, under such supplement. * * *

Section 29.400–1 (b) of Supplement to Regulations 111 sets forth the manner in which the election referred to in section 400 shall be exercised, and it states in part as follows:

For the purposes of determining whether a taxpayer may elect to pay the tax under Supplement T for taxable years beginning after December 31, 1943, the amount of the adjusted gross income, without reference to the number of surtax exemptions to which the taxpayer may be entitled, is controlling.

As previously stated, the tentative tax referred to in section 108 (b) (2) (B), which we are now considering, is to be computed "as if the law applicable to taxable years beginning on January 1, 1944, were applicable." That brings the instant proceedings within that part of the above regulation "for taxable years beginning after December 31, 1943." The controlling test mentioned in the regulations is "the amount of the adjusted gross income." Both petitioners meet this test, as they each had an adjusted gross income of $4,181.81. We hold, therefore, that petitioners may use the tax table provided in section 400, Supplement T, chapter 1, of the code, as amended by section 5 (a) of the Individual Income Tax Act of 1944, in determining the tentative tax prescribed by section 108 (b) (2) (B) of the code. Since petitioner C. Ray Novak has two surtax exemptions, including his surtax exemption for himself, the tentative tax prescribed by section 108 (b) (2) (B) is $664 instead of $694.47.

In the case of petitioner C. Ray Novak the third separate computation mentioned in paragraph 2 (c) and explained in paragraph 3 (c) of Mim. 5750, *supra*, is as follows:

| | |
|---|---|
| 61/366 of $669.31 (1943 rates) | $111.55 |
| 305/366 of $664.00 (1944 rates) | 553.33 |
| Total | 664.88 |

*Issue B.*—The assignment of error as to this issue is the same in each petition and is as follows (although the assignment of error is the same in each petition, the unforgiven portion shown in the deficiency notice to petitioner Dorothy Novak is $169.37 and not $172.11) :

(b) The Commissioner erroneously adds 25% of the 1942 tax for the unforgiven portion thereof amounting to $172.11. The provisions of Sec. 6 of the Tax Payment Act of 1943 have no application to fiscal year returns ending in 1942. (T. D. 5300). In other words, the tax for such year will still be due and payable as late as October 15, 1943. Further provisions of T. D. 5300 state that tax liability for the year starting in 1942 and ending in 1943 is discharged on September 1, 1943, before the end of such taxable year, as here involved, and no tax is required to be paid in such case for such year, but that it is necessary to file a return.

Section 6 (g) of the Current Tax Payment Act of 1943 provides in part:

(g) Use of Term "Taxable Year."—For the purposes of this section the terms * * * "taxable year 1942," and "taxable year 1943" mean, respectively, the taxable year beginning in * * * 1942, and 1943 respectively * * *.

Section 36.1 (b) of the regulations, promulgated in T. D. 5300 for the enforcement of the "Current Payment Tax Act of 1943," reads in part:

\* \* \* Thus the calendar year 1942 and the calendar year 1943 constitute respectively the taxable year 1942 and the taxable year 1943 in the case of a taxpayer on the calendar year basis for both of such years. Likewise, the fiscal year beginning in 1942 and the fiscal year beginning in 1943 constitute respectively, the taxable years 1942 and 1943. \* \* \*

Therefore, in the instant proceedings, for the purposes of section 6 of the Current Tax Payment Act of 1943, the taxable years 1942 and 1943 are the fiscal years ended October 31, 1943 and 1944, respectively.

Section 6 (a) of the above act is headed "Tax for 1942 Not Greater Than Tax for 1943." Section 6 (b) is headed "Tax for 1942 Greater Than Tax for 1943." The parties agree that the tax for 1942 is as determined by the respondent, namely $688.45 for C. Ray Novak and $677.45 for Dorothy Novak. The respondent determined the tax for 1943 to be $690.28 for C. Ray and $795.37 for Dorothy. As shown under issue A, *supra*, we have determined the tax for 1943 to be $664.88 for C. Ray, which is *less* than the tax for 1942. A similar computation of the tax for 1943 for Dorothy is $769.98, which is *more* than the tax for 1942. Docket No. 16744 (C. Ray Novak) is therefore governed by section 6 (b) of the Current Tax Payment Act of 1943, and Docket No. 16745 (Dorothy Novak) is governed by section 6 (a).

We shall consider first the effect of section 6 (a) on the tax liability of Dorothy. The material provisions of this section are as follows:

\* \* \* In case the tax \* \* \* for the taxable year 1942 \* \* \* is not greater than the tax for the taxable year 1943 \* \* \* the liability of such individual for the tax \* \* \* for the taxable year 1942 shall be discharged as of September 1, 1943 \* \* \*. In such case if the tax for the taxable year 1942 \* \* \* is more than $50, the tax \* \* \* for the taxable year 1943 shall be increased by an amount equal to 25 per centum of the tax for the taxable year 1942 \* \* \* or the excess of such tax \* \* \* over $50, whichever is the lesser.

Petitioner contends that the respondent erred in adding 25 per cent of the tax for 1942 to the tax for 1943. She contends that under the first sentence of section 6 (a) the tax for 1942 was discharged as of September 1, 1943. While this is true as far as the year 1942 is concerned, petitioner overlooks the second sentence of section 6 (a). Since petitioner's tax for 1942 is more than $50, the second sentence of section 6 (a) specifically provides that 25 per cent of the tax for 1942 shall be added as a part of the tax due for 1943. The respondent's regulations published as T. D. 5300, 1943 C. B. 43, so prescribe. Section 36.1 (a) of those regulations, 1943 C. B. 47, provides in part:

SECTION 36.1. RELIEF FROM DOUBLE PAYMENTS IN 1943.—(a) *General.*—The Current Tax Payment Act of 1943 (hereinafter referred to as the Act) in placing individual income taxpayers upon a current basis for taxable years beginning after December 31, 1942, contains provisions relieving these taxpayers from the burden of paying two years' tax liabilities in one year, which, without such provisions, would result from the change to the current basis. In general, the effect of these provisions found in section 6 of the Act (hereinafter referred to

as section 6) is to cut down the amount of tax liability otherwise payable by an individual taxpayer by 100 per cent of the tax liability for the lower of the taxable years 1942 or 1943, where that liability is $50 or less, by the amount of $50 where the tax liability for the lower year is $66.66 or less, by 75 per cent of the amount of the tax liability for the lower year where that liability is more than $66:66 * * * Technically, the entire tax liability for the taxable year beginning in 1942 is discharged as of September 1, 1943, but the tax imposed by Chapter 1 of the Internal Revenue Code for the taxable year beginning in 1943 is increased to achieve the effect outlined in the foregoing sentence as follows:

If the tax for 1942 * * * is not greater than the tax for 1943 * * * the tax for 1943 is increased by:

(1) 25 per cent of the tax for the taxable year 1942 * * * or the excess of the tax so determined over $50, whichever is the lesser * * *

Example (1) of section 36.2 (a) of the regulations, 1943 C. B. 49, provides:

*Example* (1). A, a citizen and resident of the United States, had tax for the calendar year 1942 of $1,000 and for the calendar year 1943 of $1,200. He held in such years no tax-free covenant bonds. The tax for 1943 of $1,200 is, under section 6 (a), increased by 25 per cent of the tax for 1942 ($250) and hence the tax for 1943 becomes $1,450. Such increase of $250 is not a part of the estimated tax for 1943 and is not required to be included in the declaration of estimated tax to be filed by A for the year 1943.

We hold that the respondent did not err in adding $169.37 to petitioner Dorothy Novak's tax liability for the fiscal year ended October 31, 1944, under section 6 (a) of the Current Tax Payment Act of 1943.

We shall now consider the effect of section 6 (b) on the tax liability of petitioner C. Ray Novak. The material provisions of this section are as follows:

* * * In case the tax * * * for the taxable year 1942 * * * is greater than the tax for the taxable year 1943 * * * the liability of such individual for the tax imposed * * * for the taxable year 1942 shall be discharged as of September 1, 1943 * * *. In such case the tax * * * for the taxable year 1943 shall be increased by—

(1) the amount by which the tax * * * for the taxable year 1942 * * * exceeds the tax * * * for the taxable year 1943 * * * plus

(2) if the tax for the taxable year 1943 * * * is more than $50, an amount equal to 25 per centum of the tax for the taxable year 1943 * * * or the excess of such tax * * * over $50, whichever is the lesser. Such amount shall in no case exceed 25 per centum of the tax for the taxable year 1942 * * * or the excess of such tax * * * over $50, whichever is the lesser.

We hold that, under section 6 (b) of the statute just quoted and sections 36.1 (a) and 36.2 (b) of the regulations published as T. D. 5300, *supra*, petitioner C. Ray Novak's tax liability for 1943 (fiscal year ended October 31, 1944) is determined as follows:

| | |
|---|---|
| Tax for 1943 before application of section 6 | $664.88 |
| Increase under section 6 (b) (1) (excess of $688.45 over $664.88) | 23.57 |
| Increase under section 6 (b) (2) (25 per cent of $664.88) | 166.22 |
| Total tax for 1943 | 854.67 |

The above computation is also in accord with paragraphs 2 (d) and 3 (d) of Mim. 5750, *supra.*

Reviewed by the Court.

*Decisions will be entered under Rule 50.*