SAMUEL E. HIRSCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27151.   Promulgated June 8, 1951.

*Samuel E. Hirsch, Esq., pro se.*
*Paul Levin, Esq.,* for the respondent.

OPINION.

HARRON, *Judge:* The petition presents a general issue which raises the question whether the Current Tax Payment Act of 1943 is constitutional. This is the chief issue presented. It is necessary, in the interests of clarification, however, and in answer to petitioner's rather complicated argument, to discuss other matters first.

Under section 6 of the Current Tax Payment Act and under the regulations promulgated thereunder, T. D. 5300, 1943 C. B. 43, it is necessary to compute the income tax for 1942 and for 1943 under the provisions of Chapter 1 of the Internal Revenue Code without any consideration of section 6 (a) or (b) of the Current Tax Payment Act. See sections 36.1 and 36.2 of T. D. 5300, 1943 C. B., pp. 47, 50. The petitioner contends that the respondent erred in not reducing his 1942 income by the amount which he paid to Schanfarber in 1943 as "a reduction of fees received by petitioner in that year." The petition raises this issue. However, no evidence has been introduced by the petitioner to show that the sum paid to Schanfarber represented a reduction of fees for 1942, and the petitioner has stipulated that Schanfarber's claim related to attorney's fees which he contended were due him for services performed during the period from September 1932 to September 1936. The petitioner kept his accounts and reported income for 1942 and 1943 on a cash basis. He has failed to introduce any evidence to show that his income for 1942 was reduced, under the cash method of accounting and of reporting income, by the amount of $11,281.74. For failure of proof, and because of the stipulation filed in this proceeding, the contention that the respondent erred in failing to reduce the 1942 income by the above amount is rejected. We are unable to find any merit in this contention. See section 43 of the Code. Furthermore, the respondent correctly allowed a deduction from petitioner's 1943 income of the above amount. It is so held. It must be concluded that the respondent, under the pertinent provisions of Chapter 1 of the Code, correctly determined the amounts of the net income of the petitioner for 1942 and for 1943 for purposes of income tax, and correctly computed the tax for 1942 and for 1943 to be $11,035.62 and $5,646.33, respectively. These computations of tax liabilities give full effect to petitioner's income and deductions for those years.

In our consideration of the issue relating to the constitutionality of section 6 of the Current Tax Payment Act, it is necessary to determine whether or not the petitioner has been deprived of 25 per cent or any other part of the deduction of $11,281.74 to which he was entitled in 1943. The petitioner has not been deprived of any part

of the deduction. It is difficult to understand the evident confusion of the petitioner. He confuses the computation of the tax for 1943 under section 6 of the Act with the matter of the year in which the deduction of $11,281.74 is allowable. Section 6 (b) of the Current Tax Payment Act and section 36.2 (b) of the applicable regulation (T. D. 5300) are clear. The petitioner has failed to show that either or both are invalid. This Court has heretofore reviewed, in other proceedings, the application of sections 6 (a) and (b) of the Act, and we deem it unnecessary to restate here what we have stated before. See *William F. Knox*, 10 T. C. 550, at 552, where the following appears:

* * * Congress in 1943 passed the Current Tax Payment Act. The basic purpose was to bring forward the payment of income taxes so that all taxpayers would be put as nearly as possible upon a current basis. To accomplish this, and at the same time eliminate the payment of two full years' taxes in one year, provisions were enacted which in effect required the payment of a tax for 1942 or 1943, whichever was greater, and forgiveness of all but one quarter of the tax which would have been due for the forgiven year. *Lawrence W. Carpenter*, 10 T. C. 64.

It is held that, under section 6 (b) of the Act, the respondent did not err in taking the amount of the tax liability computed for 1942, $11,035.62, which was the greater of the tax liability of the petitioner for the two years—1942 and 1943—and adding to it one-quarter of the tax which would have been due for 1943, namely, $1,411.58; and that the tax thus computed under section 6 (b) of the Act, in the amount of $12,447.20, has been properly computed. Cf. *C. Ray Novak*, 11 T. C. 341.

The Current Tax Payment Act of 1943 enacted new provisions respecting the *collection* of taxes; it did not amend any of the provisions of Chapter 1 of the Code dealing with the computation of gross income or net income, or deductions allowable from income. Section 6 of the Act is a relief provision, intended and designed to relieve taxpayers from paying income tax for 1943 in the same year that income tax for 1942 was payable. Wholly apart from the collection of tax procedures adopted by the enactment of the Current Tax Payment Act, the petitioner realized taxable net income in 1942 upon which the tax under Chapter 1 of the Code is $11,035.62. He was required to pay that amount of tax under the provisions of the Code before the Tax Payment Act was enacted, and that amount of tax became due on March 15, 1943. By operation of the new collection of tax procedures, collection thereof was deferred. Likewise, under Chapter 1, he realized net income in 1943 upon which the tax, without reference to the Tax Payment Act, amounted to $5,646.33. The total of the two amounts of tax for two years is $16,681.95. By virtue of the

relief provisions in section 6 of the Tax Payment Act, the petitioner has been relieved from paying $4,234.75 of the tax computed on net income realized in 1943, and is required to pay only 25 per cent thereof, or $1,411.58, so that the total tax *collected* for 1942 and 1943 is $12,-447.20, or $4,234.75 less than otherwise would have been *collected*. Under the method of *collecting* tax for 1942 and 1943 under section 6 of the Act, we can not find any deprivation of petitioner's property without due process. There is no evidence in this proceeding that the collection of tax method adopted under section 6 of the Tax Payment Act discriminates against the petitioner. The purposes of the Act and the intent of the Congress are set forth clearly in the committee reports which may be found, reprinted, in 1943 C. B. 1351, 1374. 1376 (H. Rept. 510, 78th Cong., 1st Sess.) ; and pages 1314, 1322 (S. Rept., No. 221, 78th Cong., 1st Sess.). In the report of the Committee on Finance of the Senate, p. 1322, *supra,* the following explanation is given:

(1) Where 1942 Tax is Greater Than 1943 Tax.—The first windfall rule is applied where the 1942 tax is greater than the 1943 tax. In such cases, the tax for 1943 is increased by the amount by which the 1942 tax exceeds the 1943 tax. The effect of such a rule is that the tax for 1943 is canceled instead of the tax for 1942. It insures that, while there will be no doubling up of tax payments, the taxpayer must pay at least the tax he would pay under existing law. * * *

Under this aspect of the question relating to the constitutionality of the Current Tax Payment Act, the petitioner's contention that it is unconstitutional lacks merit.

The Current Tax Payment Act comprises ten sections. The respondent has suggested on brief that the petitioner is in substance challenging the constitutionality of section 6 of the Act, "Relief from Double Payments in 1943." The petitioner objects to this and has replied that the respondent erroneously seeks to limit the issue presented, admitting at the same time that section 6 is involved. On brief the petitioner assails "the whole scheme" of the Act and contends that "the entire acts [*sic*] applicable to the 1942 and 1943 income and all regulations promulgated thereunder as applied to Respondent [*sic*] [petitioner], are legally null and void."

The pleadings of the petitioner are not clear. See Rule 7 of the Court's Rules of Practice, par. (c) (2), and par. (c) (4) (D). Under the determinations which have given rise to the deficiency in this proceeding, only section 6 of the Current Tax Payment Act is involved, and other sections of that Act are not applicable and do not have any bearing upon the respondent's determination. This Court has held frequently that it will not and can not, under its Rules. consider issues which are not raised by the pleadings. *California Brewing Assn.,*

43 B. T. A. 721, 725; *Maltine Co.*, 5 T. C. 1265; *Maurice P. O'Meara*, 8 T. C. 622, 628. Therefore, under this rule, we can not undertake to consider the question of the constitutionality of the Current Tax Payment Act in the sweeping and general way which the petitioner's arguments on brief invite us to do. But even though we were to view the petitioner's pleadings most liberally, we are not able to deal with the very broad question posed because the pleadings do not provide clear questions of constitutionality, and there is lacking evidence which demonstrates that the entire Act applies to or affects the petitioner in such way as to be unconstitutional. We must reject, therefore, the wide contentions of the petitioner that the entire Current Tax Payment Act is unconstitutional on the grounds of faulty pleading, lack of evidence, and lack of legal authority in his favor.

However, we understand the pleadings of the petitioner to raise a question about the application of the Act to his liability for 1943 income tax, and we agree with the respondent that section 6 of the Act is involved. We do not mean to "restrict" the petitioner's pleadings. The petitioner asserts that the respondent undertakes to do that, but with respect to this Court, we must regard the very determination from which this proceeding arises as confining the issue to the validity of the application of section 6 to the petitioner's 1943 tax liability including the computation of a tax for 1942. Therefore, we have considered the petitioner's pleading as presenting the question whether section 6 of the Act deprives the petitioner of his property without due process and deprives him of equal protection of law in violation of the Fifth Amendment of the Constitution.

It is concluded that section 6 of the Current Tax Payment Act, as applied by the respondent to the petitioner's tax liability for the years 1942 and 1943 does not violate the Fifth Amendment and is not unconstitutional. It is concluded that the application of section 6 to the petitioner's tax liability, and the collection of income tax from him for 1943, is not "arbitrary"; that it does not involve "double taxation"; that it does not deprive the petitioner of deduction for the payment he made in 1943 to Schanfarber in the amount of $11,281.74, or deprive him of deduction of 25 per cent of that amount, or operate so as to allow him deduction of only three-fourths of that amount, all of which the petitioner erroneously contends.

*Decision will be entered for the respondent.*