Mississippi Steel Corporation v. Commissioner.
Miss. Steel Corp. v. Comm'r
Docket No. 3652-68. United States Tax Court
T.C. Memo 1971-18; 1971 Tax Ct. Memo LEXIS 316; 30 T.C.M. (CCH) 83; T.C.M. (RIA) 71018; January 21, 1971, Filed *316 Petitioner acquired more than 80 percent of the Flowood Corp. on January 24, 1964, and filed a consolidated return with Flowood for its taxable year ended May 31, 1964. On the consolidated return petitioner claimed as a deduction losses incurred by Flowood on the sale of two poultry farms and poultry inventory and supplies on or about February 12, 1964. In the notice of deficiency respondent disallowed the losses with the explanation that "you are not entitled to file a consolidated return with Flowood Corp." because "it has not been established that your intention in acquiring the stock of that corporation was to operate a business, rather than to take advantage of a loss." No other grounds for disallowance of the losses was mentioned in any of the pleadings. Respondent conceded on brief that petitioner was entitled to file a consolidated return with Flowood, but argued that petitioner was not entitled to deduct losses on the sale of sec. 1231 assets to the extent that such deductions otherwise allowable are attributable to events preceding the date petitioner acquired the stock of Flowood under sec. 1.1502-31A(b)(9), Income Tax Regs. Held: No issue was raised in this case with regard *317 to the possible 84 disallowance of the losses of Flowood under sec. 1.1502-31A(b)(9), Income Tax Regs. Responden having conceded that petitioner was entitled to file a consolidated return with Flowood, decision will be entered for petitioner. B. Stirling Tighe, for the petitioner. Robert D. Hoffman and Stanley L. Blend, for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent determined a deficiency of $105,348.91 in petitioner's Federal income tax for its taxable year ended May 31, 1964. Petitioner is a corporation organized under the laws of the State of Mississippi, its principal office being located in Flowood, Miss., at the time it filed its petition herein. On January 24, 1964, petitioner purchased 96.60 percent of the capital stock of the Flowood Corporation, a Mississippi corporation, and purchased the remainder of its stock on or before April 2, 1964. Petitioner filed its Federal corporation income tax return for its fiscal year ended May 31, 1964, with the district director of internal revenue, Jackson, Miss. , as a consolidated corporation income tax return with the Flowood Corporation (hereinafter referred to as Flowood). In its consolidated income tax *318 return petitioner claimed as a deduction the amount of $227,251.44 for post acquisition operating losses of Flowood and for post acquisition losses of Flowood on the sale in February of 1964 of two poultry farms and poultry inventories and supplies. The losses were incurred by Flowood as follows:
(1) Loss on sale of Pinola Poultry Farm, Pinola, Miss
$ 81,513.92
(2) Loss on sale of Texas Poultry Farm, Caddo Parish La., and Panola County, Tex.
89,157.52 (3) Loss on sale of poultry supplies and inventories
23,538.67 (4) Pro rate portion of operating losses
33,041.33 $ 227,251.44
Respondent disallowed the deduction of these losses of Flowood by petitioner in the statutory notice of deficiency. In the statutory notice of deficiency under the heading "Explanation of Adjustments" respondent explained his disallowance of the losses as follows: (d) It is determined that you are not entitled to file a consolidated return with Flowood Corporation for the year ended May 31, 1964, and the claimed deduction of $227,251.44 resulting from the sale of assets of that corporation is not allowable, since it has not been established that your intention in acquiring the stock of that corporation was to operate *319 a business, rather than to take advantage of such loss. In response to the notice of deficiency petitioner filed its petition herein, alleging in pertinent part as follows: 4. The determination of the tax as set forth in said Notice of Deficiency contains and is based upon the error of the Commissioner in determining that petitioner as the parent corporation was not entitled to file a consolidated return with its subsidiary, The Flowood Corporation (a Mississippi corporation), for the aforesaid fiscal year and to therein claim a deduction of $227,251.44 resulting from the sale of assets of the Flowood Corporation on the erroneous premise, as petitioner avers, that petitioner has not established that its intention in acquiring the stock of said subsidiary corporation was to operate a business rather than to take advantage of a loss represented by the aforesaid deduction. 5. The facts upon which petitioner relies as the basis of its case are as follows: (a) On January 24, 1964 petitioner purchased all of the capital stock of The Flowood Corporation and became the owner of more than eighty percent (80%) of both the voting and non-voting capital stock of said corporation and continues *320 to own said capital stock, thereby constituting petitioner and said corporation as parent and subsidiary and an "affiliated group" within the meaning and purpose of Section 1501 et seq., Internal Revenue Code of 1954, as amended and regulations thereunder. (b) Thereafter and on or about August 14, 1964 petitioner made and filed with respondent a consolidated corporation income tax return for the taxable year in lieu of separate returns respectively by petitioner and The Flowood Corporation, both petitioner and said subsidiary corporation consenting to all of the consolidated return regulations prescribed under Section 1502, Internal Revenue Code of 85 1954, prior to the last day prescribed by law for the filing of such consolidated return, by their act of making and filing said consolidated returns on said date. (c) In said consolidated return petitioner claimed as a deduction the amount of $227,251.44 for losses of The Flowood Corporation which occurred on or about February 12, 1964 when said corporation sold certain of its assets and property used in its trade or business (subject to the allowance for depreciation provided in Section 167, Internal Revenue Code of 1954) and theretofore *321 held by it for more than six months, said losses being shown in said return and constituted and represented by the following: (1) Loss on sale of Pinola Poultry Farm, Pinola, Mississippi
$ 81,513.92
(2) Loss on sale of Texas Poultry Farm, Caddo Parish, Louisiana, and Panola County, Texas
89,157.52 (3) Loss on sale of poultry supplies and inventories
23,538.67 (4) Pro rata portion of operating losses 33,041.33 Total
$ 227,251.44
(d) The losses represented by items (1) and (2) above and the amounts thereof were deducted by petitioner in said consolidated return as a deduction of losses on Section 1231 property (sales of property used in the trade or business of the taxpayer), while the losses represented by items (3) and (4) above were claimed as deductions for operating losses by petitioner in said consolidated return under and within the meaning of Section 165 et seq. and Section 1011 et seq., Internal Revenue Code of 1954. (e) The aforementioned losses were set forth more particularly in the said consolidated corporation income tax return of petitioner for said taxable year in the schedules required by Section 1501 et seq., Internal Revenue Code of 1954, and regulations thereunder, and *322 the same are attached hereto and made a part hereof as Exhibit B. The amounts reflected therein on which the computations are based showing the losses of petitioner which are claimed as deductions in said income tax return are true, correct and authentic amounts as shown in the books of account and records of petitioner. (f) At the time of the acquisition of the capital stock of The Flowood Corporation by petitioner on February 12, 1964, and prior thereto, The Flowood Corporation was engaged in the business of development of an industrial complex in the area of Flowood, Mississippi, including but not limited to the operation, rental and leasing of lease properties and the sale of said properties; that such acquisition by petitioner was for the purpose of continuing in such business and at all times subsequent to the acquisition of the capital stock of The Flowood Corporation by petitioner, petitioner has continued to actively operate the business of said corporation, which business still consists of the development of an industrial complex in the area of Flowood, Mississippi, including but not limited to the operation, rental and leasing of lease properties and the sale of same. (g) *323 At all times herein mentioned the aforesaid acquisition was made for the business purposes hereinabove mentioned and was not for the purpose of acquiring the benefit of the losses claimed as deductions on the income tax return of petitioner. In his answer to the petition respondent denied the allegations of the petition except he did admit that petitioner purchased the stock of Flowood; that petitioner filed a consolidated return with Flowood and deducted therein the losses in question as specified in the petition; and that Flowood was engaged in the business of renting and leasing real property and in the poultry business. At the trial herein counsel for both petitioner and respondent in opening statements unequivocally stated that the only issue before this Court was whether petitioner was entitled to file a consolidated return for its fiscal year ended May 31, 1964, with Flowood, and that the determination of that issue depended upon whether petitioner could prove a business purpose for its acquisition of Flowood. [1] *325 However, during the 86 course of its case in chief, counsel for petitioner requested this Court to rule on whether an issue had been raised as to the deductibility of *324 these losses under section 1.1502-31A(b)(9), Income Tax Regs., [2] *326 even if petitioner was entitled to file a consolidated return with Flowood, to the extent those losses were attributable to events preceding the date upon which petitioner acquired the stock of Flowood, or in other words to the extent the losses were built-in losses, having occurred in an economic sense prior to the date of acquisition. A short discussion ensued in which petitioner argued that such an issue had not been raised by the statutory notice of deficiency nor by respondent's answer, but that if we should determine that such an issue was before the Court, respondent would nevertheless have the burden of proof. Counsel for respondent, when asked by the Court whether his position was that the losses on the sale of section 1231 property might not be allowable even if petitioner and Flowood were entitled to file a consolidated return, stated he did not think so, but requested an opportunity to determine if that was an issue in the case. We thereupon granted respondent the opportunity over the noon recess to appraise his position. After the noon recess, respondent took the position that the statutory notice of deficiency was broad enough to cover the additional issue, and therefore that the issue was before the Court. However, respondent made no effort to amend his pleadings *327 to specifically plead this issue. We took petitioner's motion under advisement, permitting the parties to introduce evidence on the issue subject to our decision on petitioner's motion. After trial herein, both parties filed original and reply briefs. In his original brief, respondent abandoned his position that petitioner was not entitled to file a consolidated return with Flowood and conceded that the loss of $23,538.67 incurred on the sale of poultry supplies and inventories and the operating losses of $33,041.33 were allowable as deductions therein. Respondent did not, however, concede that the losses incurred on the sale of the Pinola and Texas farms were allowable, contending that they were attributable, in an economic sense, to events which preceded the date petitioner acquired the stock of Flowood and were thus not allowable as deductions to petitioner under section 1.1502-31A(b)(9) of the regulations. Subsequent to the filing of briefs, oral arguments were presented by counsel for both parties on July 29, 1970. Petitioner, both on brief and in oral argument, contends that respondent has completely failed to raise any issue other than that petitioner was not entitled to file *328 a consolidated return with Flowood, and since respondent conceded that issue in his original brief, there remains no issue for us to decide. While respondent did not address himself to this question on brief, he did contend in oral argument on July 29, 1970, that the notice of deficiency was broad enough to cover the built-in loss issue and that therefore that issue is properly before the Court. It is axiomatic that issues must be raised by written pleadings and, unless so pleaded, will not be considered. Samuel E. Hirsch, 16 T.C. 1275, 1279 (1951). We must therefore look solely to the written pleadings filed in this case to determine if the built-in loss issue under section 1.1502-31A(b)(9), Income Tax Regs., has been properly raised so that it can be considered in our redetermination of the deficiencies herein. An issue has been defined as "a single, certain and material point, arising out of the allegations or pleadings of the parties, and generally, should be made up by an affirmative and negative." Simonton v. Winter, 30 U.S. 141, 148. Upon close perusal of 87 the notice of deficiency, [3] *330 petition, and answer, we are convinced that the only issue raised by the pleadings is whether *329 petitioner is entitled to file a consolidated return with Flowood. We find no inkling whatsoever of an issue dealing with the disallowance of the losses on the sale of the Pinola and Texas farms under section 1.1502-31A(b) (9). Respondent maintains that the phrase "and the claimed deduction of $227,251.44 resulting from the sale of assets of that corporation is not allowable" contained in the notice of deficiency places at issue his determination that the claimed losses of $227,251.44 are not allowable. He further maintains that the statement is the notice of deficiency that petitioner was not entitled to file a consolidated return with Flowood because there was no business purpose for the acquisition by petitioner of Flowood is simply one reason stated in the notice of deficiency for his determination that the losses were not allowable. In this regard, he points to the well-established principle in this Court that the reasons given in the notice of deficiency do not constitute the issue and the presumption of correctness which attaches to respondent's determination is not destroyed if the reasons are unsound or badly expressed. Max Schuster, 50 T.C. 98 (1968); Wilkes-Barre Carriage Co., 39 T.C. 839 (1963); Estate of Peter Finder, 37 T.C. 411 (1961); *331 Standard Oil Co., 43 B.T.A. 973, affd. 129 F. 2d 363 (C.A. 7, 1942); James P. Gossett, 22 B.T.A. 1279, 1284, affd. 59 F. 2d 365 (C.A. 4, 1932); Edgar M. Carnrick, 21 B.T.A. 12. We disagree with respondent, however, that the notice of deficiency is framed to raise the issue of the deductibility of the losses under section 1.1502-31A(b)(9), Income Tax Regs. In our opinion the "single, certain and material point" arising out of the notice of deficiency is the right of petitioner to file a consolidated return with Flowood. Even if we read the two clauses in the explanatory sentences in the disjunctive rather than the conjunctive, as respondent suggests we do, neither clause read separately would suggest any issue other than the right of petitioner to file a consolidated return with Flowood. While we recognize that respondent is not always limited to the reasons given in the statutory notice for disallowance of a deduction, we do think that if he is relying on an issue not raised by the statutory notice or on a reason diametrically opposite to the reason given in the statutory notice, or at least substantially different from that reason, which would require proof of entirely different *332 facts to defend against, then it is incumbent upon him to state that reason or raise that issue in his pleadings. Neither do the pleadings themselves encompass the issue presently relied upon by respondent. Indeed the only point to which the petition and the answer address themselves was whether petitioner was entitled to file a consolidated return with Flowood. In fact, it can be argued that if respondent's determination that petitioner was not entitled to file a consolidated return with Flowood is correct, any issue based on section 1.1502-31A(b)(9) has no place in the case because that section of the regulations relates only to parties entitled to file consolidated returns. We recognize the right of respondent to base his determination on inconsistent and alternative grounds, in order to protect the revenue, but if he does so both grounds must be raised in the notice of deficiency or in the pleadings. But nowhere in the notice of deficiency or in the pleadings in this case is any reference made to that section of the regulations. It is obvious from the statements of counsel for respondent in his opening statement and during the course of the trial that he was not relying on the *333 provisions of section 1.1502-31A(b)(9) of the regulations at the beginning or even during the course of the trial. Had petitioner not been cognizant of the possibility that an issue might be raised under that section of the regulations, no evidence would have been 88 presented on the issue; and we do not believe petitioner could have been defaulted for failing to present such evidence. Respondent had ample opportunity to amend his pleadings to raise the issue specifically had he chosen to do so; why he chose not to do so is not disclosed. We conclude that the only issue raised by the pleadings in this case was whether petitioner was entitled to file a consolidated return with Flowood. Respondent having abandoned that issue on brief, the Court is left with no grounds for disallowing the deduction of the Flowood losses claimed on the consolidated return. Respondent having also conceded all other adjustments made in the notice of deficiency, decision will be entered for the petitioner. Inasmuch as the parties were given the opportunity to and did present evidence on the question of whether the Flowood losses were attributable to events preceding the date of acquisition of Flowood by petitioner, *334 and thus might be disallowed under section 1.1502-31A(b)(9) of the regulations, for the sake of completeness we will express our views on that question. Based on the record presented, we would conclude and find as a fact that the losses incurred by Flowood on the sale of its two poultry farms were not attributable to events which preceded the acquisition date, within the meaning of the regulation. It must be kept in mind that the assets with which we are concerned are the land and depreciable assets comprising the two farms. Petitioner presented evidence as to the value of these assets on the date of acquisition in the form of two appraisals of the same assets made by qualified appraisers, one approximately 2 years prior to the date of acquisition and the other made approximately 2 years after the date of acquisition, and in the form of testimony of representatives of the purchasers of the two farms and other individuals in the poultry business who were quite familiar with the assets involved at the time of the acquisition, all of which indicated that at the time petitioner acquired Flowood, the fair market values of the lands and depreciable assets involved in the sale were at least *335 equal to the book value of those assets at the time petitioner acquired Flowood. Petitioner also presented the testimony of credible witnesses representing both the management of petitioner and the purchasers of the two farms that there were no negotiations for the sale of the two farms prior to the date petitioner acquired Flowood, that the transactions were consummated after very limited negotiations extending over only a few days, that the purchasers made a bargain purchase, and that petitioner was willing to sell the properties at a loss because petitioner's officers and employees knew nothing about the operation of the poultry business and wanted to get petitioner out of the business as soon as possible. On the other hand, respondent presented no evidence of his own and relies entirely on the sales price of the properties within several weeks after the acquisition date as being the best evidence of the fair market value of the properties on the acquisition date to argue that the losses must have been attributable to events preceding the date upon which Flowood became a member of the affiliated group. Without going into an extended discussion of the evidence on this point which *336 we have found not to be an issue in this case, or our reasons for so concluding, we are convinced from the record that the losses incurred on the sale of these properties were attributable primarily to the decision of the management of petitioner, made after the acquisition of Flowood, to take Flowood and petitioner out of the poultry business as soon as possible even though it involved selling these particular assets at less than their full value. There is no evidence which would support a conclusion that the losses on the sale of these assets were attributable to events preceding the date of acquisition of Flowood by petitioner. Decision will be entered for the petitioner. Footnotes
1. Counsel for petitioner stated in opening statement: "Accordingly, the issue before the Tax Court is whether this Petitioner was entitled to file a consolidated return with the subsidiary corporation, and that issue has as its basis whether or not there was business purpose for the acquisition by Petitioner corporation of the Flowood Corporation, and Petitioner submits that that is the single issue before the Court, whether or not there was any business purpose for this acquisition." Counsel for respondent stated in opening statement: "Mr. Tighe [counsel for petitioner] has stated the issue correctly, whether Petitioner has the right in these circumstances to file a consolidated return with a subsidiary acquired during the year." In reply to a question asked by the Court whether, if petitioner was entitled to file a consolidated return with Flowood, "then of course the losses suffered by Flowood Corporation would be incorporated in the consolidated return?," counsel for respondent replied, "That is correct." 2. Sec. 1.1502-31A * * * (b) * * * (9) Qualifications on deductions where group membership changed after January 1, 1954. In the case of an affiliated group formed at any time after January 1, 1954, or having among its members in the taxable year one or more subsidiaries which became members of the group subsequent to January 1, 1954, the consolidated taxable income for the taxable year, and for prior and subsequent taxable years to the extent affected by carrybacks and carryovers from the taxable year, shall be determined subject to the following qualifications: * * * (ii) There shall be excluded in the case of a subsidiary corporation which became a member of the affiliated group subsequent to January 1, 1954, those deductions from gross income otherwise allowable with respect to - (a) Sales or exchanges of capital assets, (b) Involuntary conversions and sales or exchanges of property subject to the provisions of section 1231, (c) Securities subject to the provisions of section 165(g)(3), or (d) Debts subject to the provisions of section 166, to the extent that such deductions otherwise allowable are attributable to events preceding the date upon which such corporation became a member of the group * * *↩
3. In Federal income tax cases filed in this Court, the notice of deficiency is the foundation for issues; yet prior to the filing of a petition the notice of deficiency is not a part of the pleadings or record in a Tax Court case. The petition thus becomes the original pleading in a Tax Court case. Rule 7, Tax Court Rules of Practice. While there has been some uncertainty about whether the notice or deficiency is a part of the pleadings or record in a Tax Court case, without the notice of deficiency it would be impossible for this Court to redetermine the correctness of the deficiencies determined by the Commissioner. Hence, it is clear that when a copy of the notice of deficiency is attached to the petition, as required by Rule 7(c)(4)(D) of the Tax Court rules, either when originally filed or by direction of the Court pursuant to the aforementioned rule, the notice of deficiency and any statement attached thereto becomes a part of the pleadings and/or record in a Tax Court case. Here, the notice of deficiency with a statement attached was appended to the petition and is therefore a part of the pleadings in this case.